# EXHIBIT 1

STATE OF MINNESOTA

COUNTY OF OTTER TAIL

DISTRICT COURT

SEVENTH JUDICIAL DISTRICT
Case Type: Products Liability

| | |
|---|---|
| GABRIEL MURILLO, an individual; and ROSALBA MURILLO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS, LLC, a corporation, <br><br> Defendant. | **SUMMONS** |

TO:   THE STATE OF MINNESOTA AND THE ABOVE-NAMED DEFENDANT:

     1.    **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

     2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at Johnson Becker, PLLC, 444 Cedar Street, Suite 1800, Saint Paul, Minnesota 55101.

     3.    **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

     4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

     5.    **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do

not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.     **ALTERNATIVE DISPUTE RESOLUTION.**   The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**JOHNSON BECKER, PLLC**

Dated: February 7, 2023

/s/ Michael K. Johnson
Michael K. Johnson (#0258696)
Jacob R. Jagdfeld (#0388549)
Kenneth W. Pearson (#016088X)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
mjohnson@johnsonbecker.com
jjagdfeld@johnsonbecker.com
kpearson@johnsonbecker.com
*Attorneys for Plaintiff*

**PANISH | SHEA | BOYLE | RAVIPUDI, LLP**
Adam K. Shea (CA#166800)
*Pro Hac Vice Pending*
Ryan A. Casey (CA#271865)
*Pro Hac Vice Pending*
Nicholas W. Yoka (CA#314906)
*Pro Hac Vice Pending*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700
shea@psblaw.com
casey@psblaw.com
yoka@psblaw.com
*Attorneys for Plaintiffs*

**SHOOP, A PROFESISONAL LAW
CORPORATION**

David Ryan Shoop (CA#220576)
*Pro Hac Vice Pending*
Thomas Alch (CA#136860)
*Pro Hac Vice Pending*
9701 Wilshire Blvd. Suite 950
Beverly Hills, CA 90212
Telephone: (310) 361-1703
David.shoop@shooplaw.com
thomas.alch@shooplaw.com
***Attorneys for Plaintiffs***

3

STATE OF MINNESOTA

COUNTY OF OTTER TAIL

DISTRICT COURT

SEVENTH JUDICIAL DISTRICT

CASE TYPE: PRODUCT LIABILITY

GABRIEL MURILLO, an individual; and
ROSALBA MURILLO, an individual,

Plaintiffs,

v.

GENERAL MOTORS, LLC, a corporation,

Defendant.

Court File No.:

Jury Trial Demanded

COMPLAINT

---

Plaintiffs above-named, by and through their undersigned counsel, hereby submit the following Complaint and Demand for Jury Trial against the above-named Defendant, and allege the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE ACTION

1.      This is a products liability action seeking recovery for personal injuries and damages suffered by **Plaintiff Gabriel Murillo** (hereafter referred to as "Plaintiff Gabriel") and **Plaintiff Rosalba Murillo** (hereafter referred to as "Plaintiff Rosalba") (collectively referred to as "Plaintiffs"). Plaintiffs purchased and used a 2007 GMC Sierra (hereafter referred to as the "Subject Vehicle") at the time of the crash. GMC, which is a subsidiary of General Motors, LLC (hereafter referred to as "Defendant"), makes GMC Sierra trucks.

2.      On or about 2017 Plaintiffs purchased the Subject Vehicle.

3.      On or about March 16, 2021, the Subject Vehicle's roof collapsed during an accident, the crashworthiness of the Subject Vehicle failed to withstand the accident, and the restraints were inadequate.

4.      As a direct and proximate result of the Defendant's conduct, the Plaintiffs in this case have incurred bodily injuries, pain, disability, emotional distress, (embarrassment?), (disfigurement?), and loss of enjoyment of the amenities of life, and other damages.

## PARTIES, JURISDICTION AND VENUE

5.      Plaintiff, Gabriel Murillo, is and at all times referenced herein was, an adult citizen of the State of Minnesota, residing at 606 Old Fergus Road, Pelican Rapids, Minnesota 56572.

6.      Plaintiff, Rosalba Murillo, is and at all times referenced herein was, an adult citizen of the State of Minnesota, residing at 606 Old Fergus Road, Pelican Rapids, Minnesota 56572.

7.      Defendant General Motors, LLC is a limited liability company that is incorporated under the laws of the State of Delaware with its principal place of business in the City of Detroit, County of Wayne, State of Michigan. Based upon information and belief, at all times material hereto, the members of Defendant General Motors, LLC were citizens of the State of Michigan, and none of its members were citizens of the State of Minnesota. Defendant is registered to conduct business and is and was at all times relevant herein regularly engaged in business in the State of Minnesota. The statutory agent for service of process upon Defendant General Motors, LLC in Minnesota is Corporation Service Company located 2345 Rice Street, Roseville, Minnesota 55113.

8.      Defendant is in the business of manufacturing and selling vehicles in all 50 states, including Minnesota.

9.      In addition, Defendant has conducted substantial, ongoing business in this state and has extensive, ongoing, and specific contacts with Minnesota that include, but are not limited to, the following:

      a.      At all times relevant herein, and upon information and belief, Defendant has had continuing contacts with Minnesota by selling, importing and distributing goods, including, but not limited, to the Subject Vehicle, with the actual knowledge

2

and/or reasonable expectation that they will be used in this District and which are in fact used, sold, distributed, and retailed in this District;

b. At all times relevant herein, Defendant has had continuing contacts with the State of Minnesota by transacting substantial business in this state via supplying, selling, importing and distributing goods, including, but not limited to, the Subject Vehicle, with the actual knowledge and/or reasonable expectation that they will be used in this state and which are in fact used in this state;

c. Upon information and belief, Defendant distributed, sold or otherwise placed into its distribution chain the Subject Vehicle that caused the injuries in Minnesota that are at issue in this matter;

d. Defendant has received substantial compensation from the sale of its vehicles in this state, including but not limited to the Subject Vehicle;

e. In addition, Defendant's contacts with Minnesota principally relate to the placement of vehicles, including the Subject Vehicle, into the stream of commerce, and all the conduct associated with placing those products into the stream of commerce in Minnesota.

10.     At all times relevant herein, Defendant has purposefully availed itself of the privilege of conducting business in the State of Minnesota, has continuously and systematically engaged in the business of supplying, selling, and distributing vehicles including, but not limited to, the Subject Vehicle purchased by Plaintiffs. Moreover, Defendant has aggressively advertised and marketed its motor vehicles in the State of Minnesota and thereby purposefully directed its business activities at Minnesota residences. Defendant also caused injury or damage through an act or omission in this State. Therefore, jurisdiction is proper in Minnesota pursuant to the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

11.     This Court has jurisdiction over the parties and controversies involved in this lawsuit for injuries and damages resulting from a vehicle rollover accident in Minnesota because Defendant maintained sufficient minimum contacts with the State of Minnesota such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Otter Tail County is the proper venue for this action pursuant to Minn. Stat. Sec. 542.09 because both the residence of Plaintiffs and the location of the subject accident are in Otter Tail County.

3

## STATEMENT OF FACTS

12.     On March 16, 2021, at around 7 am, Plaintiff Gabriel was driving in the Subject Vehicle southbound on Otter Tail County Road 88 and 180th Avenue in Fergus Falls, Minnesota.

13.     Plaintiff Gabriel was driving on a wet and icy roadway. He suddenly lost control of the Subject Vehicle.   The Subject Vehicle ran off the west side of the roadway and ultimately overturned. The vehicle came to a final rest upright.

14.     The front left portion of the vehicle's roof sustained heavy damage entering the passenger space as a result of the crash. Plaintiff Gabriel had to be extricated from the vehicle because he could no longer exit the vehicle through his door space since it was completely caved in.

15.     Plaintiff Gabriel was extricated by the Fergus Falls Fire Department and transported by Ringdahl Ambulance Service. Plaintiff Gabriel was properly wearing a seatbelt at the time of the crash. There was no presence of drugs or alcohol, and he was driving safely.

16.     Defendant manufactured, sold, and/or delivered to Plaintiffs the Subject Vehicle.

17.     The Subject Vehicle possessed defects that made it unreasonably dangerous for its intended use by consumers, including Plaintiff Gabriel, due to the inadequacies of the restraints, the poor design of the Subject Vehicle, and the risks associated with the crashworthiness.

18.     Practical, feasible and safer alternative designs existed that would have prevented or reduced the propensity of the Subject Vehicle to collapse in any kind of collision, the way it did.

19.     Had Defendant properly disclosed and warned of the significant risks of injury caused by the Subject Vehicle, Plaintiffs would not have purchased the Subject Vehicle.

20.     The main priority of a car manufacturer or seller or reseller is to ensure that its cars are safe and have safety features that can prevent or reduce the threat of death or bodily harm in an accident.

A manufacturer, seller or reseller that is aware, or should be aware, of a design or manufacturing defect must quickly disclose and remedy any defects.

21.     Consequently, the Plaintiffs in this case seek compensatory damages resulting from the use of the Subject Vehicle as described above, which has caused the Plaintiffs to suffer from bodily injuries, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

## COUNT ONE – STRICT LIABILITY

22.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein, and further allege:

23.     Defendant manufactured, designed, assembled, tested, marketed, sold, supplied and otherwise placed into the stream of commerce the Subject Vehicle, which was designed in a defective condition; defectively manufactured; contained inadequate and incomplete warnings for foreseeable consumers and users; and was otherwise unreasonably dangerous for its intended use by foreseeable consumers, including the Plaintiffs.

24.     The Subject Vehicle was unreasonably dangerous in design and manufacture due to the inadequacies of the restraints and the risks associated with the crashworthiness. The propensity for the roof to collapse in a collision is a product design defect that outweighs the utility or benefit derived from the vehicle.

25.     Defendant failed to act reasonably in designing the Subject Vehicle with inadequate restraints and risks associated with the crashworthiness of the vehicle during normal and foreseeable conditions.

26.     Defendant could have used a more practical, feasible and safer alternative design to prevent or reduce the propensity of the roof to collapse in the Subject Vehicle during a collision.

27.     At the time the Subject Vehicle was manufactured by the Defendant, it was defective, unsafe, and unreasonably dangerous for its intended and foreseeable use(s) by consumers, including the Plaintiffs, due to these manufacturing defects or omissions by the Defendant.

28.     The manufacturing defects of the Subject Vehicle increased the propensity of the Subject Vehicle's roof to collapse, leading to personal injuries like those described herein in this Complaint.

29.     Defendant failed to conduct adequate safety testing and inspection of the Subject Vehicle, to determine whether it was safe for ordinary, foreseeable use by consumers, including the Plaintiffs.

30.     Defendant failed to warn foreseeable users and consumers, including the Plaintiffs, of the dangers associated with the Subject Vehicle's roof collapsing, inadequacies of restraints and crashworthiness issues.

31.     Defendant failed to warn foreseeable users and consumers, including the Plaintiffs, of the increased risk of severe injuries associated with the regular, ordinary and foreseeable use of the Subject Vehicle, which was a substantial factor in causing Plaintiff Gabriel's injuries.

32.     The Subject Vehicle was expected to reach and did reach the intended consumers, including the Plaintiffs, without substantial change in the condition in which it was sold.

33.     Reasonable consumers, including the Plaintiffs, would not have reason to expect that the Subject Vehicle's roof would suddenly and unexpectedly collapse; would not be able to detect any such defects; and would not have any knowledge as to how to prevent such an issue from occurring.

34.     The Plaintiffs did not misuse or materially alter the Subject Vehicle and are unaware as to how they could have avoided the incident.

35.     At the time it was sold, Defendant knew or should have known of the defective condition, characteristics, and risks associated with the Subject Vehicle's roof, inadequacies of restraints and crashworthiness issues.

36.     At the time it was sold, Defendant knew or should have known that the issues associated with the Subject Vehicle's roof, inadequacies of restraints, and crashworthiness have the propensity to lead to serious personal injuries like those described herein in this Complaint.

37.     The design and manufacturing defects contained within the Subject Vehicle, as well as Defendant's inadequate warnings and instructions for the use and the dangerous propensities associated with the Subject Vehicle, were the proximate causes of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiffs and their resulting damages, for which the Defendant is liable.

## COUNT TWO - NEGLIGENCE

38.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein, and further allege:

39.     Defendant had a duty of reasonable care to design, manufacture, warn, market, distribute and sell non-defective vehicles that were reasonably safe for its intended use by the Plaintiffs and consumers alike.

40.     Defendant failed to exercise the ordinary care required by a reasonably prudent manufacturer/wholesaler/distributor in the design, manufacture, sale, warning, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its vehicles in that Defendant, knew or should have known that the Subject Vehicle created a substantial risk of unreasonable harm to the Plaintiffs and consumers alike.

41.     Defendant was negligent in the designing, manufacturing, advertising, warning, marketing, distributing, and selling the Subject Vehicle in that, among other things, it:

> A.     Failed to use due care in the preparation, design and manufacturer of the Subject Vehicle to prevent the aforementioned risks to consumers, including the Plaintiffs;
>
> B.     Failed to conduct adequate safety testing and inspection of the Subject Vehicle, if any, to determine whether it was capable of performing its intended use;
>
> C.     Failed to adequately instruct and/or warn the Plaintiffs and consumers alike of the potential dangers posed by the Subject Vehicle.
>
> D.     Failed to cease manufacturing or otherwise alter the design or manufacture of the Subject Vehicle, to produce a safer alternative, or to cease selling the car, despite the fact that Defendant knew or should have known of the aforementioned risks to consumers, including the Plaintiffs;
>
> E.     Failed to conduct post-marketing surveillance to determine the safety of the Subject Vehicle;
>
> F.     Failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use by consumers, including the Plaintiffs;
>
> G.     Failed to exercise ordinary care in labeling the Subject Vehicle; and
>
> H.     Was otherwise careless and negligent.

42.     Defendant's negligence was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiffs and their resulting damages, for which Defendant is liable.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein, and further allege:

44.     Defendant breached the implied warranty of merchantability, as the Subject Vehicle was not safe or of merchantable quality due to an unreasonably dangerous propensity to collapse. As

such, the Subject Vehicle, was not of the same quality as those other vehicles acceptable in the trade.

45.     Defendant designed, manufactured, marketed, and sold the Subject Vehicle with an implied warranty that it was of merchantable quality.

46.     The average consumer, including the Plaintiffs, would not reasonably anticipate the dangerous and harmful condition of the Subject Vehicle or the injuries caused by reasonable and foreseeable use.

47.     Members of the consuming public, including the Plaintiffs, were the intended third-party beneficiaries of the warranty.

48.     Plaintiffs relied on Defendant's expertise, knowledge, skill, judgment and implied warranty in choosing to purchase the Subject Vehicle.

49.     Defendant knew or should have known of the dangerous propensities of the Subject Vehicle, at the time it was sold, including the high degree of risk of the roof collapsing, inadequacies of restraints and crashworthiness issues, as occurred in this case.

50.     Defendant's breach of the implied warranty of merchantability was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiffs and their resulting damages, for which Defendant is liable.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

51.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein, and further allege:

52.     Defendant breached the implied warranty of fitness for a particular purpose, as the Subject Vehicle was not safe or fit for the particular purpose for which it was intended to be used due to an unreasonably dangerous propensity to collapse, even when utilized for its intended use.

53.     Defendant designed, manufactured, marketed, and sold the Subject Vehicle with an implied warranty that it was fit for the particular purpose of being used as a vehicle.

54.     The average consumer, including the Plaintiffs, would not reasonably anticipate the dangerous and harmful condition of the Subject Vehicle or the injuries caused by reasonable and foreseeable use.

55.     Members of the consuming public, including the Plaintiffs, were the intended third-party beneficiaries of the warranty.

56.     Defendant should have known of the dangerous propensities of the Subject Vehicle at the time it was sold, including the high degree of risk of the Subject Vehicle's roof collapsing, inadequacies of restraints and crashworthiness issues, as occurred in this case.

57.     The Subject Vehicle was not safe or fit for the particular purpose for which it was intended to be used.

58.     Defendant's breach of implied warranty of fitness for a particular purpose was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiffs and their resulting damages, for which the Defendant is liable.

## COUNT FIVE
## LOSS OF CONSORTIUM BY PLAINTIFF ROSALBA

59.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein, and further allege:

60.     Plaintiff, Rosalba Murillo, was entitled to the care, comfort, companionship, services, and consortium of her husband, Plaintiff Gabriel Murillo.

61.     At all times mentioned herein, Plaintiff Rosalba Murillo and Plaintiff Gabriel Murillo were legally married as husband and wife.

62.     As a direct and proximate result of the negligence, carelessness, and willful and wanton conduct by Defendant as outlined herein, Plaintiff Gabriel Murillo was severely injured.

10

63.     As a result of the injuries to Plaintiff Gabriel Murillo, Plaintiff Rosalba Murillo was, and will continue to be, deprived of the care, comfort, companionship, services, and consortium of her Husband.

64.     As a result of the foregoing, Plaintiff Rosalba Murillo incurred damages related to the injuries of Plaintiff Gabriel Murillo, including the loss of services and companionship that she would have received in the usual course of married life, and other damages reasonable under the circumstances for which Minnesota law provides a remedy.

## ACTUAL DAMAGES

65.     Plaintiffs incorporate by reference each and every allegation in this Complaint, as if fully set forth herein.

66.     As a direct and proximate result of the acts, omissions, and violations of Defendant as alleged herein, Plaintiffs have suffered injuries and damages, including incurred medical expenses in excess of $500,000, Plaintiffs seek compensation from Defendant for injuries including, but not limited to:

   a.     Loss of consortium damages incurred by Plaintiff Rosalba Murillo;

   b.     Medical bills and expenses;

   c.     Any and all such further relief to which Plaintiffs may be entitled under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for damages, to which they are entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a.   judgment for Plaintiffs and against Defendant for a reasonable amount in excess of $50,000, as well as in excess of the jurisdictional limits of the Federal Courts;

11

b. damages to compensate Plaintiffs for their injuries, economic losses, and pain, disability, emotional distress, embarrassment, disfigurement, and loss of enjoyment of the amenities of life as a result of the use of the Defendant's vehicle;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY

Dated: February 7, 2023

**JOHNSON BECKER, PLLC**

/s/ Michael K. Johnson
Michael K. Johnson (#0258696)
Jacob R. Jagdfeld (#0388549)
Kenneth W. Pearson (#016088X)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
mjohnson@johnsonbecker.com
jjagdfeld@johnsonbecker.com
kpearson@johnsonbecker.com
***Attorneys for Plaintiff***

**PANISH | SHEA | BOYLE | RAVIPUDI, LLP**
Adam K. Shea (CA#166800)
*Pro Hac Vice Pending*
Ryan A. Casey (CA#271865)
*Pro Hac Vice Pending*
Nicholas W. Yoka (CA#314906)
*Pro Hac Vice Pending*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700
shea@psblaw.com
casey@psblaw.com
yoka@psblaw.com
***Attorneys for Plaintiffs***

**SHOOP, A PROFESISONAL LAW CORPORATION**

David Ryan Shoop (CA#220576)
*Pro Hac Vice Pending*
Thomas Alch (CA#136860)
*Pro Hac Vice Pending*
9701 Wilshire Blvd. Suite 950
Beverly Hills, CA 90212
Telephone: (310) 361-1703
David.shoop@shooplaw.com
thomas.alch@shooplaw.com
*Attorneys for Plaintiffs*

## ACKNOWLEDGMENT

The undersigned acknowledge sanctions may be imposed under Minn. Stat. § 549.211.

Dated: February 7, 2023

**JOHNSON BECKER, PLLC**

/s/ Michael K. Johnson
Michael K. Johnson (#0258696)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
mjohnson@johnsonbecker.com

*Attorneys for Plaintiff*

13

Filed in District Court
State of Minnesota
2/16/2023

State of Minnesota

Otter Tail County

District Court

Seventh Judicial District

Court File Number: **56-CV-23-324**

Case Type: Product Liability

**Notice of Case Filing and Assignment**

GENERAL MOTORS, LLC
2345 RICE STREET
SUITE 230
ROSEVILLE MN  55113

---

**Gabriel Murillo, an individual;, Rosalba Murillo, an individual; vs General Motors, LLC, a corporation,**

Date Case Filed: **February 16, 2023**

Court file number **56-CV-23-324** has been assigned to this matter.  All future correspondence must include this file number, the attorney identification number, and must otherwise conform to format requirements or they WILL BE RETURNED.  Correspondence and communication on this matter should be directed to the following court address:

> **Otter Tail County Court Administration**
> **121 W. Junius Ave.**
> **Fergus Falls MN  56537**

Assigned to: **Judge Kevin Miller**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute Resolution) or at any court facility.  Please direct all scheduling inquiries on this matter to Assignment at 218-560-7045.

Dated: February 16, 2023

Kathryn A. Ouren
Court Administrator
Otter Tail County District Court

cc:  MICHAEL K JOHNSON